UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

ROXANNA AGUILO et al.

Plaintiffs,

-against-

CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT

Defendants

----------------------------------------------------------------------x

**STIPULATION AND PROTECTIVE ORDER**

22-cv-9204 (LGS)

**WHEREAS** information and records have been sought during the course of discovery that are presumptively confidential under federal and state law, or are considered confidential by the party producing such information and records;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, through the undersigned, as follows:

1. As used herein, "Action" shall mean this pending action in the Southern District of New York, between Plaintiffs and Defendants captioned Roxana Aguilo et al. v. The City of New York, et al., 22-CV-4667 (LGS).

2. As used herein, "Confidential Materials" shall mean: (a) Plaintiffs' medical and mental health records, including those records obtained pursuant to a Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA) compliant authorization; (b) New York City Police Department (NYPD) Police Accident Reports related to accidents allegedly involving the Plaintiffs (c) Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Material" by the parties or the Court, except that such documents and information shall not be designated "Confidential

Materials" to the extent that they are obtained by Plaintiffs pursuant to the New York Freedom of Information Law ("FOIL") or are otherwise publicly available.

3. The designation of Confidential Materials shall be made by placing or affixing, at the header or footer, of all pages of the material, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL" or words to that effect. A party may designate information as Confidential Materials subsequent to disclosure by notifying the other party in writing, and that information shall be treated as if it had been designated prior to disclosure. The inadvertent disclosure of any Confidential Materials shall not be construed to be a waiver, in whole or in part, of any party's claims of confidentiality, either as to the specific Confidential Materials inadvertently disclosed or as to other related information.

4. The parties and counsel for the parties shall not use Confidential Materials produced in discovery in this Action for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in this Action, and shall not use or make Confidential Materials available in any other pending action between the parties.

5. Counsel shall keep confidential for "attorney's-eyes-only" the address, telephone number, social security number, date of birth, and other personal information regarding witnesses and complainants identified by the production of documents or otherwise identified in the course of this litigation. Such information shall be used only by the attorney or his or her law firm or agents for the purpose of communication with witnesses or the service of subpoenas, and shall not be disclosed to Plaintiffs, Defendants, their family members, or other persons, and such information shall not be included in documents publicly filed with the Court.

6. Counsel shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office employed on the Action, except under the following conditions:

    a. Disclosure may be made for the purpose of presenting a party's claims or defenses in the Action to the Court.

    b. Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

    c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), Counsel shall provide each such person with a copy of this Stipulation and Protective Order (this "Stipulation and Order"), and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. Counsel shall retain the signed consent and furnish a copy to opposing counsel upon request at a deposition or immediately before trial, although the name of an expert that a party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

7. If counsel objects to the designation of any Confidential Materials as confidential, counsel shall state such objection in writing to opposing counsel, and counsel shall

in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the receiving attorney may, within 45 days of the initial objection, seek Court intervention. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

8. Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

9. Where the parties have conferred and agreed in writing that information designated as "Confidential Material" is immaterial to the issue(s) to be presented to the Court in a proposed submission and that such information is adequately protected by means of redactions agreed upon in writing in advance of filing, a party may file a redacted version of the document without filing a corresponding unredacted copy under seal, subject to the limitations of the Court's individual rules.

10. Nothing in this Stipulation and Order shall be construed to limit or eliminate the applicability of the redaction requirements set forth in Federal Rule of Civil Procedure 5.2.

11. This Stipulation and Order shall be without prejudice to the right of any Party to oppose disclosure of any information or document on any and all grounds, including but not limited to the ground that any information or document is not relevant to any claim or defense in this action. This Stipulation and Order also shall not in any way affect the applicability of the attorney-client communication privilege or the work product doctrine, or of any other privilege or

doctrine that would exempt any document from disclosure pursuant to federal, state, or local law or regulation.

12. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Stipulation and Order shall be interpreted to provide the maximum protection allowed by Rule 502(d) of the Federal Rules of Evidence.

13. This Stipulation and Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents and/or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by Plaintiffs, Defendants, or anyone receiving confidential documents pursuant to Paragraph 5 herein, for any purpose.

14. This agreement may be amended by stipulation or by court order for good cause shown.

15. This stipulation shall be binding upon the parties immediately upon signature, and shall be submitted to the Court for entry as an Order.

Dated:   May 10th, 2023
         New York, New York

The parties are apprised that the Court retains discretion as to whether to afford confidential treatment to information in its orders and opinions.  So Ordered.

Dated: May 11, 2023
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

NEW YORK CENTER FOR LAW AND JUSTICE
Attorneys for Plaintiffs
2095 Broadway Suite 308
New York, NY 10023
(212)-757-2800
bgitlin@lawjusticecenter.org

By: ______________________
BRUCE J. GITLIN

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007
(212) 356-2079

By: ______________________
JAY CULLEN
Assistant Corporation Counsel

SO ORDERED:

______________________
HONORABLE LORNA G. SCHOFIELD
UNITED STATES DISTRICT COURT JUDGE